UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA HAYGOOD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. VINCENT HEART CENTER )<br>OF INDIANA, LLC, )<br>)<br>Defendant. )<br>) | Cause No.: 1:22-cv-708 |

**COMPLAINT AND DEMAIND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  This is an employment discrimination action brought by Plaintiff, Angela Haygood ("Haygood"), by counsel, against St. Vincent Heart Center of Indiana, LLC ("Defendant") for its discriminatory and retaliatory actions taken against her based on her religion and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

**II. PARTIES**

2.  At all relevant times to this action, Haygood resided within the Southern District of Indiana.

3.  Defendant is a corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana. Defendant's registered agent is: Corporation Service Company, 135 North Pennsylvania St., Ste. 1610, Indianapolis, IN 46204.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117(a).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5).

6. Haygood is an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

7. Haygood exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission. Haygood received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### IV. FACTUAL ALLEGATIONS

9. Haygood was hired by Defendant on or around May 1, 2018, as a Registered Nurse.

10. During all relevant time periods, Haygood met or exceeded Defendant's legitimate and reasonable performance expectations.

11. On or About July 27, 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). Under the Mandate, Defendant created a process for religious and medical exemptions. Said Mandate included an arbitrary deadline of October 1, 2021. Any request submitted after October 1, 2021, would only be accepted, "if the failure to meet the deadline

was due to a legitimate reason beyond [the employee's] control." Lastly, failure to comply with the Mandate by November 12, 2021, would result in suspension and/or termination.

12. Prior to the Mandate taking effect, Haygood informed the Defendant in the "Associate Covid Survey" that she would need a religious and disability accommodation. Haygood also informed each of her supervisors, which included, Judy Northern, Kathy Harmon, and Erica Boots, that she would need a medical and religious exemption to the Mandate.

13. On or around September 15, 2021, Haygood submitted her religious accommodation request according to Defendant's process. In order to submit an accommodation request, Defendant required its employees to affirmatively "mark" that they would agree to resign if their accommodation was denied. Failure to "mark" said box would bar the employee's accommodation from being submitted.

14. On or around September 15, 2021, Haygood submitted a medical accommodation request to Defendant's influenza vaccine mandate. Haygood has suffered at least three (3) severe adverse reactions to the influenza vaccine. Due to her disabilities, Haygood is a qualified individual with a disability as that term is defined under the ADA.

15. On or around October 7, 2021, Haygood's religious accommodation was denied. Rather than engage in the interactive process, Defendant stated that Haygood had seven (7) days to provide additional information. Defendant informed her that failure to respond would result in her denial being reported to the Associate and Occupational Health as denied. Finally, it noted that if her accommodation was not granted, it would require her compliance with the Mandate by November 12, 2021.

16. On or about October 9, 2021, Haygood's medical accommodation request to the Defendant's influenza vaccine mandate was approved.

17. On or around October 13, 2021, Haygood submitted additional information regarding her religious accommodation request response to the Defendant's denial. Additionally, Haygood submitted a medical accommodation request to the Defendant's COVID Mandate.

18. On or about November 3, 2021, Defendant requested that Haygood resubmit her medical accommodation to Defendant's COVID Mandate. In her re-submission, Haygood was told by the Defendant to state that she, "had a reaction to the first dose of the vaccine." Haygood re-submitted her medical accommodation request to Defendant's COVID Mandate on or about November 11, 2021.

19. Other than adding what the Defendant requested Plaintiff to add to her re-submitted medical accommodation request, Plaintiff submitted the exact same information she submitted on October 13, 2021, in her original medical accommodation request.

20. On or about November 12, 2021, Defendant denied Haygood's re-submitted medical accommodation request to Defendant's COVID Mandate. Defendant stated that she failed to provide a doctor's note substantiating her request.

21. On or about November 13, 2021, Plaintiff received a disciplinary write-up in her employment file and was suspended for engaging in a protected activity.

22. Plaintiff was not permitted to work on November 14 or 15 due to her suspension.

23. On or about November 15, 2021, Haygood's medical accommodation request to the Defendant's COVID Mandate was approved. No new information had been provided by the Plaintiff prior to this decision.

24. Prior to her accommodation requests, Haygood complied with Defendant's COVID policies to date, which were held out as appropriate and secure against COVID by Defendant.

25. Any employee granted an accommodation under the Mandate may be required to adhere to additional work restrictions. These additional requirements/restrictions were the same policies that Haygood was already adhering to prior to her suspension.

## V. CAUSES OF ACTION

### COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

26. Haygood hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Haygood was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied without support by the Defendant.

28. Defendant failed to provide a reasonable accommodation for Haygood upon request that the COVID-19 vaccine Mandate violated her sincerely held religious belief.

29. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

30. Defendant's conduct was deliberate, willful, and in reckless disregard for Haygood's civil rights.

31. Haygood has suffered damages as a result of Defendant's unlawful conduct.

### COUNT II – TITLE VII - RETALIATION

32. Haygood hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33. Haygood engaged in protected activity when she submitted a request for a religious accommodation for Defendant's COVID-19 vaccination mandate.

34. Defendant retaliated against Haygood by issuing her a disciplinary write up and suspending her employment.

35. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

36. Defendant's conduct was intentional, willful, and in reckless disregard of Haygood's rights.

37. Haygood has suffered damages as a result of Defendant's unlawful conduct.

## **COUNT III – ADA - DISCRIMINATION**

38. Haygood hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if the same were set forth at length herein.

39. Haygood was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment and when her medical accommodation request for the COVID-19 vaccine Mandate was denied.

40. Defendant discriminated against Haygood on the basis of her disability by subjecting her to disparate treatment.

41. Defendant discriminated against Haygood on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable a accommodation.

42. Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

43. Defendant's conduct was intentional, willful, and in reckless disregard of Haygood's civil rights.

44. Haygood has suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV – ADA – RETALIATION

45. Haygood hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46. Haygood engaged in a protected activity when she requested a medical accommodation for Defendant's COVID-19 vaccine mandate.

47. Defendant retaliated against Haygood by issuing her a disciplinary write up and suspending her employment.

48. Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. 12010 *et seq.*

49. Haygood has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Haygood, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of Title VII and the ADA;

4. Punitive damages for violations of Title VII and the ADA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Angela Haygood*

## DEMAND FOR JURY TRIAL

Plaintiff, Angela Haygood, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Angela Haygood*